## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RUBBERMAID COMMERCIAL PRODUCTS LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:15-CV-02684-MHC |
| v. | ) ) | |
| THE WINSFORD CORPORATION, d/b/a FORBES INDUSTRIES, INC., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## <u>AMENDED COMPLAINT FOR PATENT INFRINGEMENT</u>

Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Plaintiff Rubbermaid Commercial Products LLC ("RCP") hereby states its first amended complaint for patent infringement against defendant The Winsford Corporation, d/b/a Forbes Industries, Inc. ("Defendant" or "Winsford") and avers as follows:

## <u>NATURE OF THE ACTION</u>

1.     This is an action for patent infringement under Title 35 of the United States Code.

2.     RCP is a leading designer and provider of innovative, solution-based products for commercial and institutional markets worldwide.

3.     In keeping with its tradition of innovation, RCP has been granted numerous patents covering and protecting its valuable intellectual property.

4.     Defendant has recently begun to offer and sell in the United States a new line of "Modular Essential Equipment" products. These products include cleaning carts, cleaning equipment, housekeeping carts, and utility and platform trucks.

5.     By making, using, offering for sale, selling, and importing into the United States certain products in the Forbes Modular Essential Equipment line, Defendant is infringing one or more patents owned by RCP. By this Amended Complaint, RCP seeks injunctive and monetary relief from Defendant's acts of infringement.

6.     Moreover, given the circumstances of Defendant's acts of infringement, the present case is exceptional, and RCP is entitled to enhanced damages and an award of its attorneys' fees.

## PARTIES

7.     Plaintiff RCP is a Delaware limited liability company with its principal place of business in Huntersville, North Carolina. RCP is ultimately a wholly-owned subsidiary of Newell Rubbermaid Inc., which is a Delaware corporation with its principal place of business in Atlanta, Georgia.

2

8.     On information and belief, The Winsford Corporation ("Winsford") is a California corporation organized and existing under the laws of the State of California, having a principal place of business at 1933 East Locust Street, Ontario, CA 91761.

9.     In previous litigations in federal courts, Winsford has contended at times that Forbes is "an operating division of Winsford" and, at other times, that Forbes is merely a trade name under which Winsford is doing business.

10.     For example, in *The Winsford Corporation v. Central Specialties LTD*, No. 2:12-cv-03343, Complaint ¶ 3 (C.D. Cal. Filed Apr. 17, 2012), ECF No. 1, Winsford alleged: "Forbes Industries, Inc. ('Forbes') is an operating division of Winsford . . . ." In another example in an unrelated case, Winsford submitted affidavits on May 7 and June 24, 2010, from its then Corporate Controller, Arthur Colin Vigdal, swearing: "The relationship between the Winsford Corporate and Forbes Industries is [that] Forbes Industries is a DBA of the legal entity The Winsford Corporation," and Forbes had "been a 'd/b/a/' of the Winsford Corporation for at least the past 25 years." *See Burton v. Marriott International, Inc.*, No. 1:09-CV-1100 (N.D. Ill. filed Feb. 20, 2009), ECF Nos. 34 at p. 6, 53 at p. 7. Winsford currently maintains a fictitious business name registration for

Forbes Industries. Thus, on information and belief, currently Forbes is a fictitious business name under which Winsford operates.

11.     In any event, Winsford is legally responsible for the actions taken by or in the name of Forbes.

## JURISDICTION AND VENUE

12.     This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     On information and belief, this Court has both general and specific personal jurisdiction over Defendant because it is doing business and has done business in the State of Georgia and in this District, or is otherwise a resident of this jurisdiction.

15.     Among other things, Defendant purposefully directs its sales activities to this forum by advertising, via its website at http://www.forbesindustries.com/local-representation, that it has a local sales representative within this district, namely Stephanie Weisman of Ellsworth Marketing Associates at 3157 Presidential Drive, Suite 203, Atlanta, Georgia. As Defendant touts on its website, "some of [its] most recent major equipment

installations" are at properties located in Georgia. *See* http://www.forbesindustries.com/about-forbes-industries. On information and belief, the bulk of these sales have taken place in this District.

16.    Defendant has initiated a nationwide marketing campaign associated with the launch of its new Modular Essential Equipment product line. On information and belief, Defendant's marketing campaign specifically targets, among others, residents of this state and district.

17.    For example, in an email sent by Defendant's Vice President of Sales, Amy Yore, on July 21, 2015, Defendant announced a sales and marketing program with TriMark USA, including offering rebates to encourage local TriMark branches to quote and sell Forbes products. One of the specifically named recipients of this email was Stephanie Weisman of Ellsworth Marketing Associates, at the same email address shown on Defendant's website. One of TriMark USA's twelve operating divisions, TriMark Century Concepts, is located in Peachtree Corners, Georgia.

18.    Additionally, Defendant sent an email on July 22, 2015, including, on information and belief, to recipients within this district, announcing its new line of Modular Essential Equipment products, which includes the products that infringe the patents-in-suit.

19.    Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**
**RCP's Products and Patent Rights**

20.    RCP is a leading manufacturer and designer of housekeeping carts, material handling carts, and cleaning equipment such as mop buckets. RCP has invested substantial time, money, and employee resources in designing and developing these innovative products and designs. RCP has a reasonable expectation of exclusivity in the use of its inventions in the marketplace based on the intellectual property laws of the United States.

21.    Many of the products RCP sells embody various design patents and utility patents belonging to RCP. At least four such patents are relevant to this action.

22.     United States Design Patent D485,037 (the '037 Patent, a copy of which is attached as Exhibit A), entitled "HOUSEKEEPING CART," was duly and properly issued by the United States Patent and Trademark Office on January 6, 2004. The inventors of the '037 Patent, Donald Presnell, David Doberszytn, and Dale Maza, assigned the patent to RCP. The '037 Patent claims the ornamental design of a housekeeping cart, as illustrated in Figure 1, shown below:



23.     RCP sells commercial embodiments of the '037 Patent, including under the designation 6190 Compact Housekeeping Cart. An image of the RCP 6190 Housekeeping Cart is shown below for reference:



24.    United States Utility Patent 6,497,423 (the '423 Patent, a copy of which is attached as Exhibit B), entitled "MOBILE MAINTENANCE CART HAVING A STORAGE COMPARTMENT, A BAG RETENTION SYSTEM, AND A FORWARD FACING RECESS FOR SUPPORTING A CONTAINER," was duly and properly issued by the United States Patent and Trademark Office on December 24, 2002. The inventors of the '423 Patent, Thomas Perelli and David Hawks, assigned the patent to RCP.

25.    The '423 patent claims, for example, as recited in claim 1:

A mobile cart comprising:

    a wheeled platform;

    at least one support upright extending upward from the wheeled platform;

8

an upper shelf mounted to an upper end of the at least one support

upright;

a handle extending rearward from the upper shelf, the handle

defining a central opening; and

a cover having an internal storage compartment provided within

the cover, wherein the cover is mounted to pivot between a closed position

in which the cover encloses the handle central opening and an open position

in which the central opening is exposed.

26.    RCP sells commercial embodiments of the '423 Patent, including

under the designation 6173 Cleaning Cart and associated part number

FG617900BLA ("Waste Cover and Bag Lid with Storage"). An image of the RCP

6173 Cleaning Cart, and an illustration of the Cart outfitted with Waste Cover and

Bag Lid with Storage are shown below for reference:



27.    United States Design Patent D536,851 (the '851 Patent, a copy of which is attached as Exhibit C), entitled "BUCKET," was duly and properly issued by the United States Patent and Trademark Office on February 13, 2007. The inventor of the '851 Patent, Robert Lauer, assigned the patent to RCP. The '851 Patent claims the ornamental design for a bucket, as illustrated in Figure 1, shown below:



28.    RCP sells commercial embodiments of the '851 Patent, including under the designation 7580-88 WaveBrake® Side Press Combo. An image of the RCP 7580-88 is shown below for reference:



29.     United States Design Patent D474,570 (the '570 Patent), entitled

"HOUSEKEEPING CART," was duly and properly issued by the United States

Patent and Trademark Office on May 13, 2003. The inventors of the '570 Patent,

Donald Presnell, David Doberszytn, and Dale Maza, assigned the patent to RCP.

The '570 patent claims the ornamental design for a housekeeping cart, as

illustrated in Figure 1, shown below:



30.     RCP sells commercial embodiments of the '570 Patent, including under the designation 6189 Full Size Housekeeping Cart. An image of the RCP 6189 Housekeeping Cart is shown below for reference:



31.     United States Utility Patent 9,079,711 (the '711 Patent, a copy of which is attached as Exhibit H), entitled "RECEPTACLE WITH CINCH," was duly and properly issued by the United States Patent and Trademark Office on July 14, 2015. The inventors of the '711 Patent, Ashley P.Z. Wentz Pho, A. Reneau Van Landingham, and Thomas A. Ruckman, assigned the patent to RCP.

32.     The '711 Patent claims, for example, as recited in claim 11:

A method of using a receptacle, comprising the steps of:

inserting a liner into the receptacle, wherein the receptacle has a body configured to receive the liner in an opening, a rim at the opening, and a cinch disposed on the body below the rim, wherein the cinch includes:

a projection disposed outward of the body, wherein the projection has first and second members, wherein the first member is a substantially vertically extending member, wherein the second member is an outwardly extending member, wherein the first member is connected to the body via the second member;

a slot having an open end at a bottom edge of the first member, a closed end disposed between the bottom edge and a top edge of the first member, and two side edges extending between the open end and the closed end; and

a through-hole in the second member;

pulling the liner taut around the rim so as to create a bunched portion from resulting slack;

disposing at least one or another portion of the bunched portion of the liner through the through-hole and between the slot and the body before disposing the at least one portion of the bunched portion of the liner within the slot; and

13

disposing the at least one portion of the bunched portion of the

liner within the slot such that the at least one portion of the bunched portion

of the liner will be retained within the slot and a terminal end of the bunch

portion extends from the slot in a direction away from the body.

33.      RCP sells commercial embodiments of the '711 Patent, including

under the designation 3540 Slim Jim® with Venting Channels. An image of the

RCP 3540 Slim Jim® is shown below for reference:



**Defendant's Infringing Activities**

1. Defendant Launches New Product Line

34.      Defendant, under the Forbes name, has sold numerous products,

including service carts, housekeeping carts, luggage carts and hand trucks, room

service equipment, mobile bars, and other products for many years. These products and their component parts were and, and many still are, manufactured primarily using metal, plastic, and/or wood components.

35.    Defendant recently launched a new "Modular Essential Equipment" line of products. This new line of products includes cleaning and janitorial carts, housekeeping carts, mop buckets, food service carts, and dish dollies. A major departure from Defendant's previous products is that the components of the Modular Essential Equipment line products are primarily plastic, manufactured using injection molding processes.

36.    Injection molding is a commonly used process to manufacture plastic parts. Typically, molten plastic material is forced into a "mold" cavity, and the molten plastic solidifies into a shape that conforms to the contours and design of the mold. Thus injection molding is ideal for producing high volumes of the same object.

37.    Defendant touts to its potential customers and brokers that the products in the Modular Essential Equipment line are made using the actual molds that RCP previously used in RCP's manufacturing operation in China.

38.    By advertising that its products are made using RCP's molds, Defendant is trying to jump-start the sales of its new line of products by

15

appropriating the goodwill built up by RCP from the innovation and quality of its design and manufacturing. In doing so, Forbes admits that many if not all of its products are copies of RCP's products.

39.     Defendant has advertised the Modular Essential Equipment line on the Forbes website at http://www.forbesindustries.com/modular-essential-equipment.html, where it states: "From cleaning carts to heavy-duty transport carts, Forbes has got you covered. All of the products in this family are ready to ship at the click of a button. Just pick your model, select your accessories and you're done!" A copy of the web page as viewed on July 12, 2015 is attached as Exhibit D to this complaint. The website provides an online product catalog for some of the products offered in the Modular Essential Equipment line. *See* Exhibit D.

40.     On the same web page (Exhibit D), Defendant has provided a link to a downloadable product catalog, available at http://www.forbesindustries.com/media/PDF_Catalogs/Modular%20Essential%20Equipment%20(Low%20Res).pdf. The product catalog is attached as Exhibit E to this complaint.

### 2. Defendant's Relationship to Adjudged Infringer Trust Commercial Products

41.     To facilitate its efforts to copy RCP's products, Defendant, on information and belief, has obtained the products in its Modular Essential Equipment line from a Chinese company, Trust Commercial Products ("Trust").

42.     Trust previously manufactured certain products for RCP and attempted to enter the United States market by flagrantly copying RCP's patented designs and its product catalog and selling the infringing products.

43.     RCP obtained a judgment of willful patent and copyright infringement against Trust in the District of Nevada less than one year ago. The remedies included a permanent injunction against Trust making, using, selling, offering for sale, or importing into the United States the products that were found to infringe the '570 patent discussed above, as well as other RCP patents.

44.     Approximately six months after the judgment against Trust, Defendant launched its Modular Essential Equipment Line using products either manufactured by or sourced from Trust.

45.     Defendant showed or displayed several products from the Modular Essential Equipment line in its booth at the annual National Restaurant Association Hotel-Motel Show (the NRA Show) in May 2015 in Chicago, Illinois.

46.     The NRA Show is attended by tens of thousands of buyers and exhibitors. The NRA Show allows sellers, like Defendant, to present their new products to numerous potential buyers from around the world.

47.     The Trust logo was prominently displayed on many of the products Defendant showed or displayed in its booth.

48.     For example, a display sample of the Forbes Model 4012 Utility Service Cart included the Trust logo stamped into the molded plastic handle.

49.     Photographs of the cleaning cart taken at the May 2015 NRA Show are shown below:

 

50.     As shown in these photographs, Defendant's cleaning cart prominently displays Trust's logo on the zippered trash bag attached to the cart.

51.    The model numbers on Trust's products in its online catalog are also essentially identical to the model numbers advertised by Defendant for identical products.

52.    On information and belief, Defendant has altered product images supplied by Trust to remove or conceal the Trust logo from product depictions on Defendant's website. Shown below is a product both Trust and Defendant call Model 6978 (or FI6978), "Polyliner with Side Bag for [FI]5011." On the left is an image of Trust's product, and on the right is an image from Defendant's product literature. The images of the Polyliner with Side Bag appear identical to a viewer—including creases and folds in the zippered trash bag—except for the removal of the Trust logo from the Defendant's image:



53.     Despite advertising the Modular Essential Equipment product line as its own, Defendant purchases most if not all of the product line from Trust for marketing and sale in the United States.

54.     For example, RCP purchased from Forbes the model FI5011 Cleaning Cart. The pictures below show two sides of the box the product arrived in. The box contains Trust logos and images, Chinese lettering, and a notation that the product was "Made in P.R.C." On information and belief, "P.R.C." is an abbreviation for People's Republic of China.




55.     RCP also purchased from Forbes the model FI5226 Side Press Combo. Like the "Forbes" cleaning cart, the Side Press Combo packaging showed only Trust logos, images, Chinese lettering, and an indication that it was made in China, as illustrated in the photograph below.



56.     Moreover, the Trust logo is also stamped into molded plastic of the products in numerous places. The picture below is of the underside of one of the

parts for the 5011 Cleaning Cart removed from the packaging, and it shows the

Trust logo imprinted into the plastic.



57.    On information and belief, in its scheme to sell copies of RCP's

products, Defendant has infringed at least the '037, '423, '851, and '711 Patents,

and likely other RCP patents, including the '570 Patent, with products it has made,

sold, and offered for sale.

58.    Defendant has actively offered for sale and sold the accused products

with the expectation that they would be purchased or used by customers in Georgia

and elsewhere. By such acts, Defendant has injured RCP and is thus liable to RCP

for infringement of the RCP Patents pursuant to 35 U.S.C. § 271.

**COUNT I**
**(Infringement of the '037 Patent)**

59.     Two of the products Defendant has offered for sale are the Forbes

model 5031 "Fine Housekeeping Cart" (the 5031 housekeeping cart) and model

5051 "Cruise Housekeeping Cart" (the 5051 housekeeping cart) *See* Defendant's

product catalog (Exhibit E), pages 4–5. An image of the 5031 housekeeping cart

from the product catalog is included below:



60.     As shown in the images, an ordinary observer would find that the

Forbes 5031 and 5051 housekeeping carts each embody the design set forth in the

'037 Patent.

61.     Defendant has infringed, and continues to infringe, the '037 Patent by making, using, offering to sell, selling and/or importing into the United States the Forbes 5131 Fine Housekeeping Cart and 5051 Cruise Housekeeping Cart in the United States.

62.     Defendant's acts have been without express or implied license from RCP, and are willful and in reckless disregard of RCP's patent rights.

63.     On information and belief, Defendant will continue to infringe the '379 Patent unless enjoined by this Court.

64.     As a result of Defendant's acts of infringement, RCP has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. RCP is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

65.     As a result of Defendant's infringement, RCP has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284 and to Defendant's profits under 35 U.S.C. § 289.

## COUNT II
### (Direct Infringement of the '423 Patent)

66.     One of the products offered for sale by Defendant is model FI5011 (the 5011 cleaning cart, or the "Cleaning Cart"), available at http://www.forbesindustries.com/modular-essential-equipment/fi5011.html, a copy

of which is provided as Exhibit F. An image of the Cleaning Cart from the product page (Exhibit F) is included below:



67.     As reflected in Exhibit F, Defendant markets and sells a number of accessories specifically for the 5011 cleaning cart. One such accessory is model FI5014, "Storage Cabinet for FI5011" (the Model 5014 storage cabinet). An image of the Model 5014 storage cabinet from the Forbes product page is included below:



68.     As shown by the images the Forbes 5011 cleaning cart, when outfitted with the Model 5014 storage cabinet, includes all the features of at least claim 1 of the '423 Patent.

69.     Defendant has infringed, and continues to infringe, the '423 Patent by making, using, offering to sell, selling and/or importing into the United States the Forbes Model 5011 cleaning cart and Model 5014 storage cabinet in the United States.

70.     Defendant's acts have been without express or implied license from RCP, and are willful and in reckless disregard of RCP's patent rights.

71.     On information and belief, Defendant will continue to infringe the '423 Patent unless enjoined by this Court.

72.     As a result of Defendant's acts of infringement of the '423 Patent, RCP has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. RCP is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

73.     As a result of Defendant's infringement, RCP has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284.

## COUNT III
### (Contributory Infringement of the '423 Patent)

74.     As shown above, the Forbes 5011 cleaning cart, when outfitted with the Model 5014 storage cabinet, includes all the features of at least claim 1 of the '423 Patent.

75.     On information and belief, the Model 5014 Storage Cabinet is especially made or adapted to provide a cover with an internal storage compartment for the 5011 cleaning cart, and is marketed and sold to customers for that purpose. The 5014 storage cabinet has no substantial non-infringing use.

76.     Defendant has had knowledge of its infringement of the '423 Patent at least since the filing date of the original complaint.

77.     Defendant has contributed, and continues to contribute, to the infringement of the '423 Patent by making, using, offering to sell, selling and/or importing into the Model 5014 storage cabinet in the United States.

78.     Defendant's acts have been without express or implied license from RCP, and are willful and in reckless disregard of RCP's patent rights.

79.     On information and belief, Defendant will continue to contribute to infringement of the '423 Patent unless enjoined by this Court.

80.     As a result of Defendant's acts of infringement of the '423 Patent, RCP has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. RCP is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

81.     As a result of Defendant's infringement, RCP has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284.

## COUNT IV
### (Infringement of the '851 Patent)

82.     Defendant has offered for sale the Forbes model FI5226 "Side Press Combination" mop bucket and wringer system (the 5226 mop bucket), which has been available at http://www.forbesindustries.com/modular-essential-equipment/fi5226.html, a copy of which is provided as Exhibit G. Images of the

28

5226 mop bucket from the product packaging and from the online product catalog (Exhibit G) included below:



83.     As shown in the images, an ordinary observer would find that the Forbes 5226 mop bucket embodies the design set forth in the '851 Patent.

84.     Defendant has infringed, and continues to infringe, the '851 Patent by making, using, offering to sell, selling and/or importing into the United States the Forbes 5226 mop bucket in the United States.

85.     Defendant's acts have been without express or implied license from RCP, and are willful and in reckless disregard of RCP's patent rights.

86.     On information and belief, Defendant will continue to infringe the '851 Patent unless enjoined by this Court.

87.    As a result of Defendant's acts of infringement, RCP has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. RCP is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

88.    As a result of Defendant's infringement, RCP has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284 and to Defendant's profits under 35 U.S.C. § 289.

<u>**COUNT V**</u>
**(Direct Infringement of the '711 Patent)**

89.    One of the products offered for sale by Defendant is model FI1213 twenty-three gallon container (the 1213 container), available at http://www.forbesindustries.com/fi1213.html, a copy of which is provided as Exhibit I. An image of the 1213 container from the product page (Exhibit I) is included below:



90.     As shown by the image above and in Exhibit I, the Forbes 1213

container includes all the features of at least claim 11 of the '711 Patent.

91.     Defendant has infringed, and continues to infringe, the '711 Patent by

making, using, offering to sell, selling and/or importing into the United States the

Forbes Model 1213 container in the United States.

92.     Defendant's acts have been without express or implied license from

RCP, and are willful and in reckless disregard of RCP's patent rights.

93.     On information and belief, Defendant will continue to infringe the

'711 Patent unless enjoined by this Court.

94.     As a result of Defendant's acts of infringement of the '711 Patent,

RCP has suffered, and will continue to suffer, irreparable harm for which there is

no adequate remedy at law. RCP is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

95.     As a result of Defendant's infringement, RCP has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284.

## REQUEST FOR RELIEF

WHEREFORE, RCP respectfully prays for judgment as follows:

A.     A judgment that Defendant has infringed the asserted patents;

B.     An order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, all those in active concert or participation with it, and all other parties properly enjoined by law, from continued acts of infringement of the asserted patents;

C.     Ordering destruction of the means employed by Defendant to commit the acts of infringement complained above, including destruction of molds used to make the accused products;

D.      An award of damages adequate to compensate RCP for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284, and treble the damages award by reason of the willful and deliberate nature of Defendant's acts of infringement also pursuant to 35 U.S.C. § 284;

E.     A declaration that this case is exceptional within the meaning of 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure, and an award to RCP of its reasonable attorneys' fees, expert expenses, and other costs and expenses incurred in the prosecution of this action; and

F.     An award of such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

RCP requests a jury trial on any all issues properly so triable.

Dated:   September 17, 2015          Respectfully submitted,

/s/ John W. Harbin
John W. Harbin, GA Bar No. 324130
Warren J. Thomas, GA Bar No. 164714

MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street, NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
Fax: 404-645-7707
jharbin@mcciplaw.com
wthomas@mcciplaw.com

*Counsel for Plaintiff, Rubbermaid*
*Commercial Products LLC*